## GUARANTY DISTINGUISHED FROM PUFFING OF WARES.

Circuit Court of Mahoning County.

SLOCUM-BERGREN & COMPANY v. THE LIMOGES CHINA COMPANY.

Decided, March 31, 1911.

*Guaranty—Puffing of Wares.*

A clause in a contract for the sale of two hundred packages of china whereby "the defendant agreed with and guaranteed to plaintiff that said two hundred packages of china should and would be ·sold to customers of the plaintiff within ninety days from the date of said contract" is not a contract of guaranty, is a mere puffing of wares, and furnishes no basis for a law suit, if plaintiff fails to sell the china within the ninety days.

WINCH, J.; MARVIN, J., and NORRIS, J., concur.

This was an action for breach of contract of guaranty. The petition alleges that the plaintiff agreed to purchase from the defendant, and defendant agreed to sell to plaintiff, two hundred packages of coffee assortment china at the agreed price of $6 per package, and as part of said contract, on condition that the plaintiff would pay the purchase price, the defendant agreed with and guaranteed to plaintiff that said two hundred packages of china should and would be sold to customers of the plaintiff within ninety days from the date of said contract.

The petition further alleges the delivery of the china, payment therefor, and due diligence and effort of the plaintiff to sell the same to its customers, without avail; none of the china being sold within ninety days, it offered to return it and demanded its money back, which being refused, it brought suit.

A demurrer to this petition was sustained and we think very properly.

We find in this so-called guaranty no warranty of the quality or value of the china, or its adaptability to any particular purpose; we find no guaranty of anything to be done about it by the vendor; it is said that plaintiff should and would sell two hundred packages to its customers but it does not appear that the plaintiff had that many customers, or any.

It is alleged that the plaintiff used all due diligence and effort to sell the same to its customers, but at what price does not appear; nor was there any agreement that it should be sold at any particular price.

This was more like a gambling contract or a bet than a guaranty, and at that left the performance of the feat wholly within the power of the person guaranteed, as if I should say "I guarantee you can run a mile, if you try." Does this guarantee you against falling down, so that you can recover of me if you do?

A guaranty has been defined to be the contract by which one person is bound to another for the fulfillment of a promise or engagement of a third party. There was no third party in this case. The so-called guaranty was a mere puffing of wares and should have been so understood by plaintiff; had it desired more, it should have so contracted that the defendant would take off its hands all packages not sold at the end of ninety days. A suggestion of this kind would have saved this lawsuit.

Judgment affirmed.